# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 11, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

159088

*In re* BYRON J. KONSCHUH, JUDGE      SC: 159088
40th CIRCUIT COURT                          JTC Formal Complaint 100

BEFORE THE JUDICIAL TENURE COMMISSION
_____/

On March 3, 2021, the Court heard oral argument concerning the findings and recommendation of the Judicial Tenure Commission in this matter.  This Court has conducted a de novo review of the commission's findings of fact, conclusions of law, and recommendations for discipline against respondent, Byron Konschuh, former 40th Circuit Court judge.  We adopt in part the recommendations made by the commission.  We reject as moot the commission's recommendation that we remove respondent from office because respondent no longer holds judicial office as of January 1, 2021.  We impose a six-year conditional suspension without pay on respondent effective on the date of this decision.  Should respondent be elected or appointed to judicial office during that time, respondent "will nevertheless be debarred from exercising the power and prerogatives of the office until at least the expiration of the suspension." *In re Probert*, 411 Mich 210, 237 (1981).  Our order of discipline is based on the following misconduct alleged in the amended complaint:

- Respondent pled no contest to a crime in 2016 and later made false statements about whether he had done so (Count I);

- Respondent took several types of funds that belonged to Lapeer County and improperly handled them by depositing them in his and his family's personal bank accounts and by failing to keep any records related to those funds (Counts II-IV), though we decline to formally adopt the JTC's legal conclusion that respondent's actions constituted embezzlement;

- Respondent improperly failed to disclose his relationships with Michael Sharkey, Dave Richardson, and Tim Turkelson when he presided over cases in which those attorneys appeared, or to disqualify himself from those cases (Count VII); and

- Respondent testified falsely that he was unaware of Lapeer County's policy regarding public contracts and that he gave the entire payment for a Heartland money order to an employee of the Lapeer County Prosecutor's Office (part of Count VIII).

We adopt the commission's findings of fact and conclusions of law to the extent they are consistent with this order, as well as the commission's analysis of the appropriate sanction. The cumulative effect and pervasiveness of respondent's misconduct convinces this Court that respondent should not hold judicial office. Therefore, we conditionally suspend him without pay for a period of six years, with the suspension becoming effective only if respondent regains judicial office during that period.

On the basis of respondent's intentional misrepresentations and misleading statements, we find him liable under MCR 9.202(B), in an amount subject to review by this Court, for the costs, fees, and expenses incurred by the commission in prosecuting the complaint. We order the commission to submit an itemized bill of costs.

CAVANAGH, J. (*concurring*).

I agree with the majority's factual findings and conclusion of misconduct. Moreover, I recognize that this Court held in *In re Probert*, 411 Mich 210 (1981), that it has the authority to impose a conditional suspension on one who is no longer a judge, and I agree with the majority that assuming the Court has such authority, a six-year conditional suspension without pay is a proportionate sanction for respondent's misconduct.

I write separately to express my doubts regarding *In re Probert*'s conclusion that this Court may discipline a former judge who is no longer serving his or her term in office. For the reasons stated in Justice CLEMENT's concurring statement in *In re Brennan*, I continue to question whether this Court has the authority to both remove and conditionally suspend an *active* judge. See *In re Brennan*, 504 Mich 80, 121-123 (2019) (CLEMENT, J., concurring). In my view, the authority of this Court to conditionally suspend a judge that has already left office is even more questionable. This Court indisputably has the authority to discipline an active judge. See Const 1963, art 6, § 30(2) (providing this Court with the authority to "censure, suspend with or without salary, retire or remove a *judge*" for misconduct in office) (emphasis added). In contrast, this Court indisputably does *not* have the authority under Article 6, § 30(2) to impose any discipline on one who was never a judge. In *In re Probert*, relying on prior precedent and policy arguments, this Court concluded that it had the authority to discipline a *former* judge. See *In re Probert*, 411 Mich at 223-229.[1] Notably lacking from the Court's

---

[1] In dissent, Justice LEVIN raised contrary policy arguments against the Court having the

opinion was any analysis of whether the "common understanding" of Article 6, § 30(2) when enacted in 1968 included the authority to discipline one who is no longer serving on the bench. See *Citizens Protecting Michigan's Constitution v Secretary of State*, 503 Mich 42, 61 (2018). I tend to agree with Justice LEVIN'S dissent in *In re Probert* that the prior cases relied upon by the *In re Probert* majority are factually distinguishable and did not actually consider or decide whether Article 6, § 30(2) authorized the imposition of a conditional suspension on a former judge. See *In re Probert*, 411 Mich at 260-262 (LEVIN, J., dissenting). I also agree with Justice LEVIN that the majority's remaining arguments in support of the conclusion that this Court may discipline a former judge were "in the nature of what [Article 6, § 30(2)] should authorize, as a matter of policy and wisdom, rather than what [Article 6, § 30(2)] as adopted by the people does authorize, as a matter of construction of the language used and of the intent of the amendment." *Id*. at 262 (emphasis omitted). Put another way, I believe that the policy arguments raised by the *In re Probert* majority are insufficient standing alone to support the conclusion that this Court has the authority to discipline a former judge if the plain language of Article 6, § 30(2), read in light of the provision's history and structure, cannot reasonably support such an interpretation.[2]

---

authority to discipline a former judge, arguing that a former judge may be subject to discipline by the Attorney Grievance Commission (AGC) and that, should a former judge ever regain a judicial office, this Court would once again have jurisdiction to discipline the judge. *In re Probert*, 411 Mich at 251-252 (LEVIN, J., dissenting). Building on this point, it is also worth noting that the AGC only has the authority to impose discipline on a former judge "for conduct resulting in removal as a judge, and for any conduct which was not the subject of a disposition by the Judicial Tenure Commission or by the Court." MCR 9.116(B). Thus, it appears that the AGC lacks the authority under the court rules to discipline a former judge for any conduct that results in a conditional suspension but not removal from office.

[2] Notably, the definitional section of the court rules governing the proceedings of the Judicial Tenure Commission currently defines the term "judge" to include "a person who formerly held [a judicial] office if a request for investigation was filed during the person's term of office." MCR 9.201(B)(3). However, it is beyond dispute that this Court cannot enlarge its constitutional authority through a court rule. Cf. *McDougall v Schanz*, 461 Mich 15, 27 (1999) ("[T]his Court is not authorized to enact court rules that establish, abrogate, or modify the substantive law."). Moreover, the court rules did not define a "judge" to include a former judge until 2003, 45 years *after* Michigan's Constitution was amended in 1968 to include Article 6, § 30(2). Thus, this definition is of questionable value in determining whether the common understanding of Article 6, § 30(2) at the time of its enactment provided this Court with the authority to discipline a former judge.

In a future case, I would be open to considering whether *In re Probert* was correctly decided and, if it was not, whether the Court should nonetheless adhere to that decision under the doctrine of stare decisis. See *McCormick v Carrier*, 487 Mich 180, 211 (2010) (explaining that "there is a presumption in favor of upholding precedent, but this presumption may be rebutted if there is a special or compelling justification to overturn precedent. . . . [O]verturning precedent requires more than a mere belief that a case was wrongly decided."). However, respondent does not argue that this Court lacks the authority to discipline him because he is no longer a judge,[3] nor does he argue that this Court lacks the authority to impose a conditional suspension. Accordingly, I concur in this Court's imposition of a six-year conditional suspension without pay.

CLEMENT, J., joins the statement of CAVANAGH, J.

---

[3] To the contrary, respondent specifically asks this Court to discipline him by imposing a public censure for his misconduct.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 11, 2021



t0602

Clerk